NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-1061


DESIREE DAWN DAVID FALCON

VERSUS

SHANE HEATH FALCON

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 20114110
HONORABLE LILYNN ANNETTE CUTRER, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, and Elizabeth A. Pickett, Judges.

AFFIRMED.

Michael R. Garber
Attorney at Law
1801 Ryan St.
Lake Charles, LA 70601
(337) 494-5500
COUNSEL FOR DEFENDANT-APPELLANT:
    Shane Heath Falcon

Todd Holman Melton
Attorney at Law
P. O. Box 847
Lake Charles, LA 70602-0847
(337) 439-2979
COUNSEL FOR PLAINTIFF-APPELLEE:
    Desiree Dawn David Falcon

**PICKETT, Judge.**

Shane Falcon appeals the judgment of the trial court ordering him to pay $725 per month in child support to his former wife, Desiree Falcon.

## STATEMENT OF THE CASE

Shane and Desiree divorced in Pointe Coupee Parish. They have one child, Jacob, who was born on June 13, 2003. Concomitant with the divorce, Shane was ordered to pay $433 per month in child support in 2006. Desiree moved to Lake Charles in September 2006. In 2011, Desiree filed a petition in the Fourteenth Judicial District Calcasieu Parish to make the child support order executory in Calcasieu Parish and increase Shane's child support obligation.

The case was presented to a hearing officer, who recommended that Shane's child support payments increase to $485 per month. Both Desiree and Shane objected to the recommendation, and the case proceeded to trial before a district court judge. Before the trial, the trial court suggested that the parties reach a compromise where Shane pays $520 per month. Shane initially agreed to the compromise, but later withdrew his consent, and the matter proceeded to trial. Following a hearing, the trial court ordered Shane to pay $725 per month in child support. Shane now appeals.

## ASSIGNMENTS OF ERROR

Shane asserts two assignments of error:

1. The trial court erred in including the cost of private school in calculating the amount of child support.

2. The trial court erred in including the cost of health insurance in calculating the amount of child support.

**DISCUSSION**

In his first assignment of error, Shane complains that the trial court should not have included the cost of sending Jacob to private school in calculating his support obligation. A trial court is permitted to include the cost of private school tuition in the calculation of the basic child support obligation. La.R.S. 9:315.6(1). An appellate court will not disturb the inclusion of private school expenses in an award of child support unless it finds the trial court abused its discretion. *Robichaux v. Robichaux*, 04-162 (La.App. 6/2/04), 879 So.2d 279.

The court heard evidence from Desiree concerning her reasons for sending Jacob to private school. She stated that the public school that he had been attending had not met his educational needs, and she had transferred him to the private school. Shane argues that the public school Jacob had been enrolled in was not the school in his regular attendance zone, and Desiree failed to show that her local school could not have provided an adequate education. After reviewing Desiree's testimony, we find the trial court did not abuse its discretion by including the cost of private school in the support calculation. This assignment of error lacks merit.

In his second assignment of error, Shane complains about the inclusion of health insurance in the calculation of child support. Shane argues that Jacob had been enrolled in free public insurance, and there was no reason to pay for insurance when he could receive a government benefit for free. Desiree explained that Jacob was enrolled in the government insurance system when he was a small child because he had a pre-existing condition which caused the insurance benefit she received from her employment to reject coverage for him. She testified that when

2

a sufficient time passed for her insurer to agree to cover him, she enrolled him in private insurance.

At trial and in his brief to this court, Shane argues that he does not believe health insurance should be included in his support obligation because he thinks Desiree will cancel the coverage on Jacob, re-enroll him in LA Chip, and receive a windfall. The trial court found this line of reasoning utterly unpersuasive. We completely agree. The trial court did not abuse its discretion. This assignment of error lacks merit.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to Shane Falcon.

**AFFIRMED.**